# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

FIDELITY & DEPOSIT )
COMPANY OF MARYLAND, )
 )
       Plaintiff, )
 ) Cause No. 4:17-CV-21
  vs. )
 )
JACK ISOM CONSTRUCTION )
CO., INC., and BILLY )
JACK ISOM, )
 )
       Defendants. )

## OPINION AND ORDER

This matter is before the Court on: "Defendant, Billy Jack Isom's Verified Rule 60 Motion for Relief from Default Judgment," filed by Defendant, Billy Jack Isom, on January 24, 2018 (DE #21); (2) "Defendant, Billy Jack Isom's Amended Verified Rule 60 Motion for Relief From Default Judgment," filed by Defendant, Billy Jack Isom, on January 25, 2018 (DE #23); and (3) Plaintiff's Motion to Strike Supplemental Affidavit of Billy Jack Isom or, in the Alternative, Motion for Leave to File Response to Supplemental Affidavit of Billy Jack Isom" (DE #27). For the reasons set forth below, the Amended Motion for Relief From Default Judgment (DE #23) is **GRANTED** and the Clerk is **ORDERED** to **VACATE** the Default Judgment Order (DE #12) as to Defendant Billy Jack Isom and **VACATE** the Clerk's Entry of Judgment (DE #13) as to Defendant Billy Jack Isom.

The Motion for Relief From Default Judgment (DE #21) is **DENIED AS MOOT** and the Motion to Strike Supplemental Affidavit (DE #27) is **DENIED AS MOOT**.

BACKGROUND

Plaintiff, Fidelity & Deposit Company of Maryland ("F&D") filed a complaint against Defendants Jack Isom Construction Co., Inc. and Billy Jack Isom ("Isom"), on February 27, 2017. (DE #1.) On March 24, 2017, F&D filed an acknowledgment of service showing that the complaint had been mailed by "certified mail receipt," and while there is no signature, the tracking information shows that the complaint was delivered to Isom's home address on March 4, 2017. (DE #7.)

On June 12, 2017, F&D filed a request for entry of default because neither defendant had filed an appearance, answered, or otherwise responded to the complaint. The Clerk entered default against Isom and Jack Isom Construction Co. on June 13, 2017. (DE #10.) On July 25, 2017, F&D filed a request for entry of default judgment against the Defendants. (DE #11.) On September 25, 2017, this Court granted the motion, issuing default judgment against both Isom and Jack Isom Construction Co., jointly and severally. (DE #12.)

F&D initiated supplemental proceedings with a motion on October 18, 2017. (DE #14.) Magistrate Judge Andrew P. Rodovich

granted the verified motion for proceedings supplemental and ordered the parties to appear in person on November 15, 2017. (DE #15.) Isom's attorney contacted F&D's counsel for the first time on November 9, 2017. (Kutch Aff., DE #27-1 at ¶ 4.) F&D's counsel agreed to file a motion to continue the hearing on proceedings supplemental so long as Isom provided a list of assets. (*Id.*)

In the motion to continue the hearing on proceedings supplemental, counsel for F&D represented that "[t]he parties are currently discussing potential settlement of this matter" and that they needed approximately 30 days "to consider potential settlement." (DE #16.) The Court granted the motion to continue the hearing. (DE #17.)

On December 8, 2017, Isom's counsel requested more time to complete the list of assets. (Kutch Aff., DE #27-1 at ¶ 5.) On December 13, 2017, F&D filed a second motion to continue the hearing on the proceedings supplemental. (DE #18.) Once again, F&D represented that "[t]he parties are currently discussing potential settlement of this matter" and that they needed approximately 30 additional days "to consider potential settlement." (*Id.*) The Court granted the second motion to continue the hearing on proceedings supplemental. (DE #19.)

Joshua Kutch, an attorney for F&D, stated in his affidavit that "[i]n a letter dated January 15, 2018, Jack's counsel provided an utterly incomplete list of Jack's assets, as the first sentence

3

of the letter stated, 'I am still trying to piece together the financial history of Jack Isom and locate what remaining assets he has personally.'" (Kutch Aff., DE #27-1 at ¶ 6.)

On January 24, 2018, Isom filed a Verified Rule 60 Motion for Relief from Default Judgment, and attached an affidavit from Isom. (DE #21.) A day later, on January 25, 2018, Isom filed an Amended Verified Rule 60 Motion for Relief from Default Judgment, also attaching an affidavit of Isom. (DE #23.)

Later that same day, F&D filed a memorandum in opposition. (DE #24.) The Court issued an order vacating the supplemental hearing which was set for January 26, 2018. (DE #25.)

On January 29, 2018, Isom filed a Supplemental Affidavit in support of the Amended Rule 60 Motion. (DE #26.) F&D filed a motion to strike, or alternatively, to file a response, to the supplemental affidavit on February 21, 2018. (DE #27.)

DISCUSSION

Generally, when a movant seeks relief from entry of a default before entry of judgment, Rule 55(c) applies, but a request to set aside a default judgment is controlled by Rule 60. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). The standards for determining whether to vacate an entry of default under Rule 55 or a default judgment under Rule 60 are essentially the same, although the test is applied more liberally when default

4

judgment has not yet been entered. *See Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 357 (S.D. Ill. 2002). This circuit favors a policy of promoting a trial based on the merits, rather than default judgments. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (a "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations . . . .").

Under both Rule 55 and Rule 60, the moving party must demonstrate good cause for the default, quick action to correct it, and a meritorious defense. *See Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987); *Bluegrass*, 211 F.R.D. at 357.

In this case, the affidavit Isom attached to the Amended Rule 60 Motion establishes that Isom is 82 years old, and has been in poor health for some time. (Isom Aff., DE #23-1 at ¶¶ 1-4.) He was the founder and owner of Jack Isom Construction Company, Inc. until he retired in 2009 and turned the business over to his son, Billy Ray Isom. (*Id.* ¶¶ 5-6.) In 2014 and 2015, Billy Ray Isom liquidated the assets of Jack Isom Construction Company, Inc. (*Id.* ¶ 7.) Isom has not talked to his son, Billy Ray, for more than 2 years. (*Id.* ¶ 8.) Isom was hospitalized in St. Elizabeth Hospital in Lafayette, Indiana, in January 2017 when he received a new defibrillator. (*Id.* ¶ 9.) Isom attested that on February 9, 2017,

5

he went with his wife to Fort Myers, Florida, and remained there until mid-April 2017. (*Id.* ¶ 10.) While in Florida, he was hospitalized on at least two occasions with pneumonia/congestive heart problems. (*Id.* ¶ 11.) After returning to his home in Monticello, Indiana, in April 2017, he was hospitalized on various occasions. (*Id.* ¶ 12.) Isom states he was not physically present in the state of Indiana from February until mid-April of 2017, and that he never received the summons and complaint in this case. (*Id.* ¶ 13.) He also attests that "my son, Billy Ray Isom, has failed to advise me as to the fact of the lawsuit and the subject matter of the lawsuit, and it was only when I received notice for proceedings supplemental that I was made cognizant of this lawsuit." (*Id.* ¶ 14.)

The decision to grant or deny a Rule 60(b) motion lies within the sound discretion of the district court. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986). While relief pursuant to Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances," *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000), "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Tr. Of Univ. Of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Since trial on the merits is favored, "it is appropriate that Rule 60(b)(1) be liberally applied in the

context of default judgments, especially where those judgments result from honest mistakes rather than willful misconduct, carelessness or negligence." *Ellingsworth, Jr. v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981).

Under the first prong of the test, whether there was good cause or excusable neglect for the default, the Court must take Isom's affidavit for what it is worth, and he has sworn under oath that he did not become aware of the lawsuit until he received notice of the proceedings supplemental. F&D's motion for proceedings supplemental was filed on October 18, 2017. (DE #14.) Additionally, Isom has established that he is elderly, in poor health, was in and out of the hospital during the period after the complaint was filed, and that he was out of the state of Indiana from February to mid-April of 2017 (the complaint was mailed to Isom on March 4, 2017). Moreover, Isom has been estranged from his son for 2 years and did not hear about the lawsuit from him. From an equitable standpoint, this Court is sympathetic to Isom's health issues. The Seventh Circuit has emphasized that the remedy afforded by Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles" and that the "common thread running through all the decisions is that the ruling on a rule 60(b) motion to vacate a default judgment should depend largely on the willfulness of the defaulting party's actions." *C.K.S. Eng'rs*, 726 F.2d at 1205, 1208. The Court is satisfied that

Isom was not intentionally or willfully ignoring the litigation and the default was not willful. Rather, it seems that Isom's actions were due to mere inadvertence or excusable neglect. Recognizing the discretion granted to district court judges in this situation, this Court finds that good cause or excusable neglect has been shown for the default.

The second prong of the test is whether the party took quick action to correct the default. Isom claims he did he not find out about the lawsuit until he received notice of the proceedings supplemental (which were filed in October 2017), but he did not file the instant Rule 60 motion until January 2018. This lag in time would be more troublesome to the Court were it not for F&D's counsel's statement that Isom's counsel contacted him in early November 2017, to discuss continuing the hearing on the proceedings supplemental. Moreover, F&D's own submissions to the Court establish that in November and December 2017, the parties were actively engaged in settlement negotiations. While the better course would have been for Isom's attorney to file the motion to vacate default judgment immediately after learning of the lawsuit and default judgment, it is evident from the record in this case that once Isom found out about the lawsuit, his counsel promptly engaged in settlement negotiations. Because of this evidence that Isom and his counsel did not intentionally shirk the litigation, but actively engaged in settlement negotiations, and filed the

instant motion within a reasonable amount of time, the Court finds that this prong is satisfied as well.

Finally, the third prong of the test is that Isom has shown a meritorious defense. His memorandum states that "upon information and belief, there exists a good and valid defense to some or all of the averments and paragraphs contained in the Plaintiff's Complaint with respect to the Defendant, Billy Jack Isom." (DE #23 at 2.) This is pretty scant detail.[1] However, there is one last consideration the parties did not bring to the Court's attention. The default judgment in this case was for an amount of $4,496,582.73. The Seventh Circuit has found that "the amount of money at stake might be a legitimate factor for a court to consider on a motion to vacate a default judgment, since relief under Rule 60(b) is essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs*, 726 F.2d at 1208. Given the large amount of money at stake in this case, and this Court's "policy of favoring trial on the merits over default judgment," *Cracco*, 559 F.3d at 631, this Court finds the last prong is satisfied as well.

---

[1] The Court notes that Isom also filed a supplemental affidavit on January 29, 2018 (DE #26), in which he states it is not Isom's signature on the Agreement of Indemnity, and that he believes his son created and fraudulently signed the document as part of his effort to take over the construction company. (DE #26.) F&D has moved to strike this affidavit, pointing out procedural problems such as Isom did not ask for leave from the Court to file the supplemental affidavit and it was untimely filed. (DE #27.) Because the Court can rule on the instant Rule 60 motion without consideration of this supplemental affidavit, the motion to strike is denied.

A default judgment is a "weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Sun*, 473 F.3d at 811. In this case, the Court finds that Isom demonstrated excusable neglect for the default, and that equity strongly weighs in favor of vacating the default. As such, the default judgment as to defendant Isom will be vacated.

CONCLUSION

For the reasons set forth above, the Amended Motion for Relief From Default Judgment (DE #23) is **GRANTED** and the Clerk is **ORDERED** to **VACATE** the Default Judgment Order (DE #12) as to Defendant Billy Jack Isom and **VACATE** the Clerk's Entry of Judgment (DE #13) as to Defendant Billy Jack Isom. The Motion for Relief From Default Judgment (DE #21) is **DENIED AS MOOT** and the Motion to Strike Supplemental Affidavit (DE #27) is **DENIED AS MOOT**.

**DATED: April 17, 2018**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**