UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-cv-21 |
| BILLY JACK ISOM, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Third-Party Complaint [DE 46] filed by the defendant, Billy Jack Isom, on August 31, 2018. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Fidelity & Deposit Company of Maryland, initiated this matter on February 27, 2017. Fidelity alleged that the defendants, Jack Isom Construction Co., Inc. and Billy Jack Isom, were liable for their failure to reimburse Fidelity for its damages and losses incurred from Bonded Projects. Fidelity has indicated that on or about May 13, 2005 Billy Jack, as president for Jack Isom Construction Company, executed an Agreement of Indemnity with Fidelity relating to the Bonded Projects. Fidelity contends that Billy Jack has failed to reimburse Fidelity for its losses, as required by the Agreement of Indemnity.

On September 25, 2017, the court entered a default judgment against the defendants. The court vacated the default judgment against Billy Jack on April 17, 2018. Therefore, the claims asserted in this matter now relate only to Billy Jack. Billy Jack filed his answer on May 10, 2018. However, he did not file a third-party complaint with his answer.

Billy Jack now has filed a motion requesting leave to file a third-party complaint against Billy Ray Isom. Billy Jack contends that he did not sign the Agreement of Indemnity. Rather, he has argued that Billy Ray signed the Agreement. Moreover, Billy Jack has indicated that Billy Ray took over Jack Isom Construction in 2005 and that Billy Ray sold all the assets and terminated Jack Isom Construction. Therefore, it is Billy Jack's contention that it is necessary for Billy Ray to brought into this matter as a third-party defendant to answer to his stewardship and control of the Jack Isom Construction Company since 2005. Fidelity filed a response in opposition on September 14, 2018, and Billy Jack did not file a reply.

*Discussion*

**Federal Rule of Civil Procedure 14(a)(1)** states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." A defendant must seek leave of court to file a third-party complaint if more than fourteen days have passed since it served its original answer. **Rule 14(a)(1).** The decision to grant leave to file a third-party complaint is committed to the discretion of the trial court. ***Highlands Insurance Co. v. Lewis Rail Service Co.***, 10 F.3d 1247, 1251 (7th Cir. 1993).

Courts interpreting this rule have recognized that "[t]he third-party defendant must be secondarily liable [derivative liability] to the third-party plaintiff in the event the third-party plaintiff is found to be liable to the plaintiff." ***Greene Line Mfg. Corp. v. Fibreboard Corp.,*** 130 F.R.D. 397, 399 (N.D. Ind. 1990). "The rule is not altered merely by the fact that the alleged third-party claim grew out of the same transaction." ***U.S. Gen., Inc. v. City of Joliet,*** 598 F.2d 1050, 1053 (7th Cir. 1979). "The distinguishing characteristic of a claim filed pursuant to Rule 14(a) is that the defendant is attempting to transfer to the third-party defendant the liability
2

asserted against the defendant by the original plaintiff." *Green,* 130 F.R.D. at 399 (quoting *Forum Ins. Co. v. Ranger Ins. Co.,* 711 F. Supp. 909, 915 (N.D. Ill. 1989).

Billy Jack has requested leave to file his third-party complaint against Billy Ray. Billy Jack contends that it is necessary for Billy Ray to be brought into the instant matter. Billy Jack asserts that he did not sign the Agreement of Indemnity, rather he believes that it was signed by Billy Ray. The third-party complaint has alleged that the alleged misconduct asserted in the complaint was within the purview and responsibility of Billy Ray.

Fidelity contends that Billy Jack's claims against Billy Ray are for fraudulent control of Jack Isom Construction and for fraudulently signing Billy Jack's name to the Agreement of Indemnity. Fidelity asserts that Billy Ray is not required to indemnify Billy Jack for his failure to pay or indemnify Fidelity. Therefore, Fidelity has argued that the third-party claim does not arise from Fidelity's claim and therefore is improper.

The court finds that under Rule 14(a), Billy Ray could not be added as a third-party defendant because Billy Jack has not alleged facts sufficient to establish secondary liability against Billy Ray. Fidelity maintains that the Agreement of Indemnity was signed by Billy Jack. However, Fidelity contends that even if the Agreement of Indemnity was signed by Billy Ray, Billy Jack had issued a general power of attorney to Billy Ray to act and sign on his behalf. Fidelity represents that the general power of attorney was valid at the time the Agreement of Indemnity was executed. [J. Kutch Aff. 5-6]. Therefore, Billy Ray's signature on behalf of Billy Jack was valid and thus binding at the time the Agreement of Indemnity was executed. In light of the power of attorney, Billy Jack would be unable to pass any judgment against him onto Billy Ray. Billy Jack has not disputed these allegations. Therefore, Billy Jack's proposed third-party claim is improper under Rule 14(a).

Based on the foregoing reasons, the Motion for Leave to File Third-Party Complaint [DE 46] is **DENIED.**

ENTERED this 15th day of November, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge